HOME SAVINGS BANK *v.* GILBERT.

BILLS AND NOTES — VIOLATION OF BLUE SKY LAW No DEFENSE
AGAINST BONA FIDE HOLDER.

    In an action on a promissory note, the defense that it was
    given for stock in a company which did not comply with
    the "blue sky law," and that, therefore, it was void in
    its inception, and no recovery could be had thereon, *held,*
    not available against a *bona fide* holder.

Error to Kalamazoo; Weimer (George V.), J. Submitted June 8, 1923.    (Docket No. 132.)    Decided July 19, 1923.

Assumpsit in justice's court by the Home Savings Bank against L. M. Gilbert on a promissory note. There was judgment for plaintiff, and defendant appealed to the circuit court.    Judgment for plaintiff on a directed verdict.    Defendant brings error.    Affirmed.

*Fred A. Mills* and *Lincoln H. Titus,* for appellant.

*Harry C. Howard,* for appellee.

BIRD, J.    Plaintiff sued defendant in the municipal court of Kalamazoo in assumpsit to recover on the following promissory note:

"$100                Kalamazoo, Michigan, April 13, 1921.
    "Six months after date, for value received, I promise to pay to the order of F. D. Travis Co., at the Kalamazoo State Savings Bank, $100, with interest at——— per cent., payable annually.
                  (Signed) "L. M. GILBERT."

The note was indorsed, as follows:

On question of application of the blue sky law, see notes in
15 A. L. R. 262; 24 A. L. R. 523.

"We, the undersigned, indorsers, hereby expressly waive presentment, demand of payment and notice of nonpayment and protest of the within note.

"F. D. TRAVIS CO.,
FRANK D. TRAVIS,
President."

Plaintiff claims it held the note as collateral security to a loan made to the payee. Defendant pleaded the general issue and gave notice of several defenses thereunder. Judgment passed for plaintiff.

In the circuit court it appears to have been conceded that plaintiff was the holder of the note for value before maturity without notice and in due course. Defendant's position was that the note was given for 10 shares of stock in the F. D. Travis Company, and that the company did not comply with the provisions of the "blue sky law" (3 Comp. Laws 1915, § 11945 *et seq.*) with reference to the issuance of the stock. On account of this it is said the note was void in its inception and no recovery could be had thereon even though plaintiff were otherwise a *bona fide* holder. We are unable to agree with counsel in this contention. This would undoubtedly have been a good defense as between the parties to the note, but when the note passes to the hands of a *bona fide* holder that defense cannot and ought not to be made. If counsel's contention were the rule there would be very little protection for banks and people dealing with corporations. There is nothing in the statute which makes such paper void in the hands of a *bona fide* holder. As a general rule, unless the law makes the paper void in the hands of a *bona fide* holder, the courts will not so hold. This whole question is so exhaustibly considered and analyzed in *Union Trust Co.* v. *Preston National Bank*, 136 Mich. 460 (4 Ann. Cas. 347, 112 Am. St. Rep. 370), and again in *Smith* v. *Hubbard,*

205 Mich. 44, that it would be useless for us to restate what was there said.

The judgment is in accordance with the law and will be affirmed.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, SHARPE, MOORE, and STEERE, JJ., concurred.